| | |
|---|---|
| R. Scott Weide, Esq.<br>Nevada Bar No. 5541<br>*SWeide@WeideMiller.com*<br>Ryan Gile, Esq.<br>Nevada Bar No. 8807<br>*rgile@weidemiller.com*<br>**WEIDE & MILLER, LTD.**<br>7251 West Lake Mead Blvd. Suite 530<br>Las Vegas, NV 89128<br>Telephone: (702) 382-4804<br>Facsimile: (702) 382-4805<br><br>Craig S. Summers, Esq. (admitted *pro hac vice*)<br>*craig.summers@knobbe.com*<br>David G. Jankowski, Esq. (admitted *pro hac vice*)<br>*david.jankowski@knobbe.com*<br>Jared C. Bunker, Esq. (admitted *pro hac vice*)<br>*jared.bunker@knobbe.com*<br>**KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>2040 Main Street, Fourteenth Floor<br>Irvine, CA 92614<br>Telephone: (949) 760-0404<br>Facsimile: (949) 760-9502<br><br>Steven A. Maddox, Esq. (admitted *pro hac vice*)<br>*steve.maddox@knobbe.com*<br>**KNOBBE, MARTENS, OLSON & BEAR, LLP**<br>1717 Pennsylvania Ave. N.W., Suite 900<br>Washington, D.C. 20006<br>Telephone: (202) 640-6400<br>Facsimile: (202) 640-6401<br><br>Attorneys for Plaintiff<br>CEATS, INC. | Allen J. Wilt<br>Nevada Bar No. 04798<br>*awilt@lionelsawyer.com*<br>**LIONEL SAWYER & COLLINS**<br>1100 Bank of America Plaza<br>50 West Liberty Street<br>Reno, Nevada 89501<br>Telephone: (775) 788-8666<br>Facsimile: (775) 788-8682<br><br>Neil J. McNabnay (admitted *pro hac vice*)<br>mcnabnay@fr.com<br>Britnee M. Reamy (admitted *pro hac vice*)<br>*reamy@fr.com*<br>Carl E. Bruce (admitted *pro hac vice*)<br>bruce@fr.com<br>**FISH & RICHARDSON P.C.**<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091<br><br>Attorneys for Defendants<br>ORBITZ WORLDWIDE, INC. and<br>ORBITZ, LLC |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CEATS, INC., a Nevada corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>ORBITZ WORLDWIDE, INC., a Delaware corporation, and ORBITZ, LLC, a Delaware limited liability company,<br><br>        Defendants. | Case No. 13-cv-01385-MMD-VCF<br><br>**ORDER GOVERNING COLLECTION AND PRODUCTION OF ELECTRONICALLY STORED INFORMATION**<br><br><br><br>Honorable Miranda M. Du |

Exhibit 2

Pursuant to the Court's December, 11, 2013, Order (ECF No. 49), Defendants Orbitz Worldwide, Inc. ("Orbitz Worldwide") and Orbitz, LLC ("Orbitz, LLC") (collectively "Defendants") hereby submit this proposed order governing collection of production of electronically stored information.

1. **ESI Production Format**. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI productions: each production will be provided in TIFF format with a resolution of not less than 300 DPI, with a Bates-like numbering stamp, and any necessary confidentiality legend/stamp. The parties have no obligation to create or manually code fields that are not automatically generated by the processing of the ESI or that do not exist as part of the original metadata of the ESI. For ESI that is not easily converted to image format, such as Excel and Access files, the parties will, upon good cause shown, provide a reasonable amount of such information in native format if it exists. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

Each ESI production will be provided as multi-page TIFF images. Along with the images, an OPT format load file (typically used in Concordance/iPRO) will be provided and the volume name included in the file path. The load file will include document breaks indicating the beginning and ending bates numbers for each document. Document level OCR shall be provided as a single-page text file in ASCii format. Each text file should bear the same name as the Production number of the first page of each document. The multi-page TIFF images should appear in a folder in a numbered format. The OCR text files should be contained in a separate folder titled "OCR."

2. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or

///

allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

3. **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

4. **ESI Production Requests**.

A. For ESI, General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include electronic mail or other forms of electronic correspondence (collectively, "E-Mail"). To obtain the production of E-Mail, a party must propound specific production requests directed at e-mail or the other forms of electronic correspondence.

B. By February 3, 2014, each side will produce a specific listing of likely E-Mail custodians, along with each custodian's job title and job description. The listing shall also include a specific identification of the E-Mail custodians believed to represent a comprehensive source of relevant E-Mail in view of the pleaded claims, defenses, and contentions. This identification shall include a description of why the identified custodians are believed to represent a comprehensive source of relevant E-Mail in view of pleaded claims, defenses, and contentions, including a description of why additional E-Mail custodians would be cumulative. Each side may also propound up to five written discovery requests and take one deposition to identify the proper custodians, proper search terms, and proper time frame for E-Mail production requests.

C. E-Mail production requests can be made beginning on February 10, 2014.

D. E-Mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. The requesting party shall seek e-mail from no more than five custodians per side. Each requesting party shall limit its E-Mail production requests to a total of eight search terms per custodian, but the producing party will allow two additional search terms if the iterative negotiation process results in the need for a total of ten search terms. The search

*1* terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the
*2* producing company's name or its product name, are inappropriate unless combined with
*3* narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
*4* combination of multiple words or phrases (e.g., "computer" and "system") narrows the search
*5* and shall count as a single search term. A disjunctive combination of multiple words or
*6* phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase
*7* shall count as a separate search term unless they are variants of the same word. Use of
*8* narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production
*9* and shall be considered when determining whether to shift costs for disproportionate
*10* discovery.

*11* E. The parties may jointly agree to modify these limits without the court's leave. The
*12* court shall consider contested requests for additional or fewer custodians and requests for
*13* additional or fewer search terms per custodian, upon showing a distinct need based on the
*14* size, complexity, and issues of this specific case.

*15* 5. **Inadvertent Production**. Pursuant to Federal Rule of Evidence 502(d), the
*16* inadvertent production of a privileged or work product protected ESI is not a waiver in the
*17* pending case or in any other federal or state proceeding. The mere production of ESI in a
*18* litigation as part of a mass production shall not, by itself, constitute a waiver for any purpose.

*19* / / /
*20* / / /
*21* / / /
*22* / / /
*23* / / /
*24* / / /
*25* / / /
*26* / / /
*27* / / /
*28* / / /

1   6. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal of Local Rules. Each party bears its own costs of preserving, searching for, and producing ESI. Any cost shifting will be done only as ordered by the Court.

Respectfully submitted,

**FISH & RICHARDSON, P.C.**

By:  */s/ Neil J. McNabnay*
Neil J. McNabnay (admitted *pro hac vice*)
Britnee M. Reamy (admitted *pro hac vice*)
Carl E. Bruce (admitted *pro hac vice*)
1717 Main Street, Suite 500
Dallas, Texas 75201

and

**LIONEL SAWYER & COLLINS**

Allen J. Wilt, Esq.
1100 Bank of America Plaza
50 West Liberty Street
Reno, Nevada 89501

Attorneys for Defendants
ORBITZ WORLDWIDE, INC, and
ORBITZ, LLC.
Dated: January 9, 2014

**IT IS SO ORDERED:**

_____
UNITED STATES OCI KVTCVG JUDGE

Dated: January 29, 2014

17001111